64 F.3d 663
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Oretta SMITH, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-4259.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1995.
 
 Before: MARTIN, GUY and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Oretta Smith appeals a district court judgment affirming the Secretary's denial of her applications for social security disability insurance benefits and for supplemental security income benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 2
 Smith filed an application for social security disability insurance benefits and for supplemental security income benefits alleging that she suffered from a back impairment. Following a hearing, an Administrative Law Judge (ALJ) determined that Smith was not disabled because she had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Smith then filed a complaint seeking review of the Secretary's decision. The district court affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989) (per curiam).
 
 
 5
 Smith contends that the ALJ erred by relying on a hypothetical question which did not account for her mental impairment. However, as the district court correctly noted, although the ALJ erred in relying on the first hypothetical question presented to the vocational expert, the subsequent questions to the vocational expert did include Smith's mental impairments. In his response to the supplemental questions, the vocational expert identified a substantial number of jobs in the economy which Smith could perform given both her physical and mental impairments. As the vocational expert's subsequent answers identify a substantial number of jobs which Smith can perform, the Secretary's ultimate conclusion that Smith can perform a substantial number of jobs in the economy is supported by substantial evidence. Varley v. Secretary of Health & Human Servs., 820 F.2d 777, 779-80 (6th Cir. 1987).
 
 
 6
 Smith next contends that the ALJ erred in relying on the testimony of the medical expert rather than the findings of the consultative physicians. A medical expert's opinion may be accepted over that of even a treating physician's if the opinion concerns interpretation of the same objective tests. See Loy v. Secretary of Health and Human Servs., 901 F.2d 1306, 1308-09 (6th Cir. 1990) (per curiam). Therefore, it was not erroneous for the ALJ to rely on the medical expert's testimony.
 
 
 7
 Smith contends that the ALJ erred in concluding that her testimony was not credible. Credibility determinations rest with the ALJ. See Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir. 1987) (per curiam). It is the Secretary's function to resolve conflicts in the medical evidence and to determine issues of credibility. King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984). As the ALJ cited to evidence other than his personal observations in concluding that Smith's testimony was not credible, the ALJ did not err in finding Smith's testimony was not credible.
 
 
 8
 Smith contends that the ALJ erred by not complying with a previous remand order of the Appeals Council directing that a consultative psychological examination be conducted. The record reflects that a consultative examination was held. However, the test results were found to be unreliable due to Smith's own volition. Since the test results were not reliable due to Smith's own actions, the ALJ was not required to continue to have Smith undergo successive consultative examinations until Smith decided to cooperate and provide a valid test result.
 
 
 9
 Accordingly, we affirm the district court's judgment.